**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT COVINGTON**

**CIVIL ACTION NO. 19-178-DLB-CJS**

**LATIF CONWAY**                                                                      **PLAINTIFF**

**v.**                              **REPORT AND RECOMMENDATION**

**SWIFT TRANSPORTATION**
**CO. OF ARIZONA, LLC, et al.**                                          **DEFENDANTS**

**\* \* \* \* \* \* \* \* \* \***

Plaintiff Latif Conway initiated this action in November 2019; however, the record shows that he no longer wishes to pursue it. Accordingly, the Court will recommend that this case be dismissed without prejudice for failure to prosecute. *See* 28 U.S.C. § 636(b); (R. 14).

**I.    BACKGROUND**

Conway started this case in Kentucky state court, alleging that a driver for Defendant Swift Transportation Co. of Arizona, LLC (Swift) backed into his parked vehicle in Florence, Kentucky, damaging it. (R. 1-2, Page ID 8). He sued Swift and unnamed Defendants Driver John Doe 1 and Jane Doe 2 (Lisa), essentially alleging negligence. (*Id.* at Page ID 7-8).[1] He also sued John Doe 1's alleged[2] insurance carrier, Custard Insurance Adjusters, Inc. (Custard), and a Custard employee, Anthony Vigliaturo, claiming "[w]illful[] [n]eglect," "[n]on-feasance," and

---

[1] For example, paragraph 8.2 of the Complaint alleges "[w]illful [n]eglect: [i]ntentional failure to perform duties because of negligence. No contact info or police report was left with the damage[d] vehicle." (R. 1, Page ID 8).

[2] Custard states that it is not a "traditional insurer" but is "a third-party administrator of insurance claims." (R. 17, Page ID 115).

"[m]isfeasance." (*Id.* at Page ID 8-9).[3]  Swift, Custard, and Vigliaturo removed this action to federal court in December 2019.  (R. 1).

On March 2, 2020, this Court entered a scheduling order setting various case deadlines. (R. 14).  On March 20, 2020 Defendants Vigliaturo and Custard filed their Motion for Judgment (R. 17) seeking judgment on the pleadings or summary judgment.  (R. 17).  Conway failed to timely respond by the deadline, April 13, 2020, under Joint Local Rule 7.1(c) and Federal Rule of Civil Procedure 6(d), so this Court ordered him to respond within fourteen days.  (R. 19).

Conway again failed to timely respond.  In its next Order, the Court noted that "Conway's failure to comply with this Court's Orders leads the Court to believe that he has abandoned his case." (R. 20, Page ID 151).  Regardless, the Court gave him the benefit of the doubt, giving him fourteen more days to respond to the Motion for Judgment and to "make a notice filing indicating whether he wishes to continue to prosecute his case against the remaining defendants he named in his Complaint who have not moved for judgment." (R. 20, Page ID 153).

Conway again failed to timely respond.  However, he did mail the Court an untitled filing; the first line reads, "Ya'll guys need to send that stuff to my insurance company.  Stop sending me correspondence." (R. 21).  He goes on to call defense counsel "a liar," question "why is we still having court," and concludes by stating, "[T]his matter was turned into my insurance company.  I have no legal standing." (*Id.*).

## II.    ANALYSIS

Where a party fails to comply with a court's order or otherwise affirmatively move the case forward, the court possesses the authority to dismiss the case for failure to prosecute under Federal

---

[3] For example, paragraph 14 of the Complaint alleges "[m]isfeasance" stating, "Plaintiff ask[ed] Defendant Adj. Anthony Vigliaturo about rental reimbursement. No answer." (R. 1, Page ID 9).

Civil Rule 41(b).[4] *Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013) ("It is well settled that a district court has the authority to dismiss sua sponte a lawsuit for failure to prosecute."); *Little v. Yeutter*, 984 F.2d 160, 162 (6th Cir. 1993) ("Under the Federal Rules of Civil Procedure, Rule 41(b), the district court has the authority to dismiss a case for failure to prosecute."); *see Palasty v. Hawk*, 15 F. App'x 197, 199 (6th Cir. 2001) (citing *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)) (noting that dismissal of claims for failure to prosecute was available to the district court as a tool to manage its docket and to avoid unnecessary burdens on the court and opposing parties, after certain plaintiffs failed to respond to a court order requiring filing status information); *Dulaney v. Webb*, No. 09-cv-141-ART, 2010 WL 3701781, at *1 (E.D. Ky. Sept. 17, 2010) (citing *Lovejoy v. Owens*, No. 92-4207, 1994 WL 91814, at *1 (6th Cir. Mar. 21, 1994)) (noting that a Rule 41(b) dismissal "is particularly appropriate where a party fails to act in the face of a clear prior warning from the court that the case would be dismissed").

The factors a court should consider before issuing a Rule 41(b) dismissal are whether: (1) the failure to cooperate was willful or in bad faith; (2) the opposing party suffered any prejudice; (3) the party was warned of the sanction; and (4) less severe sanctions were considered. *Palasty*, 15 F. App'x at 199 (citing *Knoll*, 176 F.3d at 363). All factors weigh in favor of dismissal here.

First, Conway has failed *three times* to timely respond to the Motion for Judgment—thus, he has disregarded the Civil Rules and two Court orders. Moreover, his recent filing indicates that he does not intend to prosecute his case against *any party* and in fact asks the Court to "[s]top sending him correspondence." (R. 21). The Court cannot think of a more prime example of willful

---

[4] Rule 41(b) provides: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits."

3

failure to cooperate in one's case. *See ECIMOS, LLC v. Nortek Glob. HVAC, LLC*, 736 F. App'x 577, 582 (6th Cir. 2018) (noting this factor was met where party "willfully violated discovery rules and the court's orders").

Second, the Defendants have "expended time and resources to defend this action, which [Conway] has apparently abandoned." *Austin v. Dennis*, No. CIV.A. 13-118-HRW, 2014 WL 6909659, at *3 (E.D. Ky. Dec. 8, 2014). And they would be prejudiced if required to proceed further and defend in circumstances where Conway has now twice consciously declined to comply with a Court order and states that he does not intend to prosecute his case.

Third, Conway was warned "that failure to come forth and make the required notice filing stating he intends to litigate his case may result in dismissal of this action without prejudice for failure to prosecute." (R. 20, Page ID 152). While he has since stated an intention, it is an intention to abandon his case because the matter was "turned into [his] insurance company." (R. 21).

Lastly, dismissal without prejudice under Federal Civil Rule 41(b) would be a lesser sanction than would be dismissing the case with prejudice. *See Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505 (2001) ("The primary meaning of 'dismissal without prejudice,' we think, is dismissal without barring the plaintiff from returning later, to the same court, with the same underlying claim."). Moreover, "no alternative sanction would protect the integrity of pre-trial procedures" as Conway specifically indicates that he does not intend to further participate in his case. *Carter v. City of Memphis, Tenn.*, 636 F.2d 159, 161 (6th Cir. 1980).[5]

## III.   CONCLUSION

---

[5] Defendants Vigliaturo and Custard have filed a reply in support of their Motion for Judgment, asking the Court to grant their motion and to dismiss Conway's claims against the remaining defendants for failure to prosecute. (R. 22). Because it is herein recommended to dismiss without prejudice for failure to prosecute as to *all* defendants, it is unnecessary to reach the merits of the Motion for Judgment and it should be denied as moot.

Accordingly, **IT IS RECOMMENDED** as follows:

1)     Conway's Complaint (R. 1) be **dismissed without prejudice** under Federal Civil Rule 41(b) for lack of prosecution and for failure to comply with Orders of the Court;

2)     Defendants Vigliaturo and Custard's Motion for Judgment (R. 17) be **denied as moot**; and,

3)     This matter be **stricken** from the Court's active docket.

Particularized objections to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service or further appeal is waived.  Fed. R. Civ. P. 72(b)(2); *see United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *Thomas v. Arn*, 728 F.2d 813, 814-15 (6th Cir. 1984), *aff'd*, 474 U.S. 140, 155 (1985).  A general objection that does not "specify the issues of contention" is not sufficient to satisfy the requirement of a written and specific objection. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (citing *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505, 508-09 (6th Cir. 1991)). Poorly drafted objections, general objections, or objections that require a judge's interpretation should be afforded no effect and are insufficient to preserve the right of appeal. *Howard*, 932 F.2d at 509. A party may respond to another party's objections within 14 days of being served with a copy.  Fed. R. Civ. P. 72(b)(2).

Dated this 30th day of June, 2020.



**Signed By:**

_**Candace J. Smith**_

**United States Magistrate Judge**

J:\DATA\Orders\civil cov\2019\19-178-DLB R&R to dismiss w-o prej.docx

5